**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000378**
**12-APR-2024**
**08:12 AM**
**Dkt. 127 SO**

NO. CAAP-19-0000378


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TROPICAL PLUMBING & BATH, INC.,
Plaintiff/Counterclaim Defendant-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC,
Defendant/Counterclaimant/Third-Party Plaintiff-Appellant,[1]
v.
MELVIN CHARLES BEECK, JR.; RANDY KOWALKOWSKI; HAWAII FIRST,
INC., Third-Party Defendants-Appellees
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; JOHN
CORPORATIONS 1-10; DOE ASSOCIATIONS 1-10; DOE LIMITED LIABILITY
COMPANIES 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; and DOE
GOVERNMENTAL ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161000689)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

The Association of Apartment Owners of Moana Pacific
(**AOAO**) appeals from the Hawaiʻi Rules of Civil Procedure (**HRCP**)
Rule 54(b) judgment for **Tropical** Plumbing & Bath, Inc. and its
owner, Melvin Charles **Beeck**, Jr., entered by the Circuit Court of

---

[1]    Association of Apartment Owners of Moana Pacific's counterclaims
against Melvin Charles Beeck, Jr., Randy Kowalkowski, and Hawaii First, Inc.
were incorrectly titled.  They were actually third-party complaints.  See HRCP
Rules 7(a), 14(a).

the First Circuit on April 23, 2019.[2]  The AOAO challenges the: **(1)** July 7, 2016 order denying its motion to dismiss Tropical's complaint;[3] and **(2)** February 11, 2019 order granting in part and denying in part Tropical and Beeck's motion for partial summary judgment.  We affirm in part, vacate in part, and remand for further proceedings.

**(1)**  We review a ruling on a motion to dismiss de novo. We assume the facts alleged in Tropical's complaint are true and view them in the light most favorable to Tropical to determine if they warrant relief under any legal theory.  Bank of Am., N.A. v. Reyes-Toledo, 143 Hawaiʻi 249, 256-57, 428 P.3d 761, 768-69 (2018).

Tropical's complaint alleged that Tropical contracted with the AOAO to hydro-jet the Moana Pacific's laundry and kitchen sink drain lines.  A copy of the contract was attached. The AOAO terminated the contract before Tropical began its work.

The AOAO argued the contract was void because it didn't contain information about lien rights, bonding, and Tropical's statutory right to resolve alleged construction defects before litigation, as required by Hawaii Revised Statutes (**HRS**) § 444-25.5.

Tropical argued that the AOAO was not a "homeowner" to whom HRS § 444-25.5 applied.  We need not resolve that legal issue because HRS § 444-25.5 does not apply to a contract for maintenance work that does not require a permit.  Hawaii Administrative Rules (**HAR**) § 16-77-80(c) (eff. 2002).  Viewing the allegations in the complaint in the light most favorable to Tropical, the scope of work under Tropical's contract is "service-type work (e.g., maintenance work performed by . . . plumbing contractors) that does not require a permit by a county or other local subdivision of the State."  Id.  The circuit court was not wrong to deny the AOAO's motion to dismiss.

---

[2]      The Honorable James C. McWhinnie presided.

[3]      The Honorable Virginia L. Crandall presided.

**(2)** Tropical and Beeck moved for partial summary judgment on its claim for breach of contract and the AOAO's counterclaim for negligent misrepresentation and fraud in the inducement on December 21, 2018.[4] The AOAO counter-moved for partial summary judgment on Tropical's claim for breach of contract on December 28, 2018. On February 11, 2019, the circuit court entered orders granting summary judgment for Tropical on its claim for breach of contract and on the AOAO's claims for negligent misrepresentation, fraud, and conspiracy, and denying the AOAO's counter-motion.

We review a grant of summary judgment de novo. <u>Nozawa v. Operating Engineers Local Union No. 3</u>, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. <u>Id.</u> at 342, 418 P.3d at 1198. A fact is material if it would establish or refute an element of a cause of action or defense. <u>Id.</u> The evidence is viewed in the light most favorable to the non-moving party. <u>Id.</u>

**(a)** The AOAO's second amended counterclaim alleged that Beeck negligently misrepresented Tropical's hydro-jetting experience, and that Beeck, Tropical's CEO Olivia **Kwong**, and the AOAO's former resident manager Randy **Kowalkowski** fraudulently induced the AOAO to sign the contract.

To prove negligent misrepresentation the AOAO must show: (1) false information was supplied because of failure to exercise reasonable care or competence in communicating the information; (2) the AOAO relied on the false information; and (3) the AOAO suffered a loss. <u>Santiago v. Tanaka</u>, 137 Hawaiʻi

---

[4] Tropical moved for summary judgment on its claim for breach of the implied covenant of good faith and fair dealing, but that claim was dismissed by stipulation of the parties on February 12, 2019. Tropical also moved for summary judgment on the AOAO's counterclaim that Beeck, Kwong, and Kowalkowski conspired to defraud the AOAO, but "[c]ivil conspiracy does not alone constitute a claim for relief." <u>Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.</u>, 91 Hawaiʻi 224, 260 n.44, 982 P.2d 853, 889 n.44 (1999) (citations omitted), <u>superseded on other grounds by statute as noted in</u>, <u>Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.</u>, 113 Hawaiʻi 77, 106-07, 148 P.3d 1179, 1208-09 (2006).

137, 154, 366 P.3d 612, 629 (2016). To prove fraudulent inducement sufficient to invalidate the contract, the AOAO must show (1) a representation of a material fact, (2) made to induce the AOAO to act, (3) known to be false but reasonably believed true by the AOAO, and (4) on which the AOAO reasonably relied and acted to its damage. Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawaiʻi 149, 162-63, 73 P.3d 687, 700-01 (2003).

Viewed in the light most favorable to the AOAO, the AOAO's evidence showed that Tropical misrepresented its hydro-jetting experience to the AOAO, and the AOAO relied on Tropical's misrepresentation and would not have contracted with Tropical had it known of Tropical's lack of experience. Tropical argues that any misrepresentation to the AOAO was made by Kowalkowski (the AOAO's resident manager), not Tropical. But the AOAO presented evidence of the relationship between Kowalkowski and Beeck that, when viewed in the light most favorable to the AOAO, could show that Kowalkowski acted as Tropical's agent. Whether Tropical exercised reasonable care or competence in communicating its hydro-jetting experience, whether Kowalkowski was Tropical's agent, and whether the AOAO's reliance was reasonable, are questions for the trier of fact that should have precluded summary judgment.

**(b)** If the AOAO proves that Tropical fraudulently induced it to contract for the hydro-jetting, the contract would be invalid. There were genuine issues of material fact precluding summary judgment on the AOAO's fraudulent inducement claim. The circuit court thus erred by granting summary judgment for Tropical on its breach-of-contract claim.

For these reasons, the July 7, 2016 "Order Denying Defendant Association of Apartment Owners of Moana Pacific's Motion to Dismiss Plaintiff Tropical Plumbing & Bath, Inc.'s Complaint with Prejudice, Filed on May 31, 2016" is affirmed; the February 11, 2019 "Order Granting in Part and Denying in Part Without Prejudice Plaintiff/Counterclaim Defendant Tropical Plumbing & Bath, Inc. and Additional Counterclaim Defendant

Melvin Charles Beeck, Jr's Motion for Partial Summary Judgment, Filed on December 21, 2018" is vacated; the April 23, 2019 "HRCP Rule 54(b) Judgment in Favor of Plaintiff/Counterclaim Defendant Tropical Plumbing & Bath, Inc. and Counterclaim Defendant Melvin Charles Beeck, Jr. and Against Defendant/Counterclaim Plaintiff Association of Apartment Owners of Moana Pacific" is vacated; and this case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 12, 2024.

On the briefs:

R. Laree McGuire,
for Defendant/Counter-
claimant/Third-Party
Plaintiff-Appellant
Association of
Apartment Owners of
Moana Pacific.

Ross T. Shinyama,
Summer H. Kaiawe,
John E. Dubiel,
for Plaintiff/
Counterclaim Defendant-
Appellee Tropical Plumbing
& Bath, Inc. and Third-Party
Defendant-Appellee Melvin
Charles Beeck, Jr.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge